Manly, J.
 

 This is a bill filed by the complai|$£ni; against the executrix and executor of his former guardian, for'anífc-,;
 
 *394
 
 count and settlement of the guardianship. It was filed nine years after the ward had arrived at full age, and eight years after he had had a settlement with his guardian, payment in full according to the account then rendered and a release.
 

 We think it was too late to 'demand a readjustment of the guardian accounts.
 

 A release, taken by a guardian from his ward, upon a settlement, soon after the ward’s arrival at age, is looked upon with some suspicion in a court of Equity, and would not be regarded as conclusive, provided the -ward make his appeal to the courts in proper time. The parties to such a settlement, bear relations to one another of control and dependance, respectively, which make it unfit that it should be conclusive. But it would be equally hard, on the other hand, after the guardian had tendered and made a prompt settlement, that there should be a right in Equity indefinite in time, to call him into court and re-open the accounts. We think that time must be limited, and as a bill for an account is similar to, and in many respects, a substitute for the old action of account, we limit the time to three years from the period when the trust was closed.
 

 So much has been said recently in our reported cases upon the effect of time on closed and unclosed trusts respectively, that I deem it unnecessary to repeat it here, further than to say it may now be considered as a settled general rule with respect to
 
 closed
 
 trusts, that they are subject to the statutory and common law presumptions and to the statute of limitations, which the class of unclosed trusts is not;
 
 Falls
 
 v. Torrence, 4 Hawks 412;
 
 Bird
 
 v.
 
 Graham,
 
 1 Ire. Eq. 196;
 
 Davis
 
 v.
 
 Cotten,
 
 2 Jones’ Eq. 430;
 
 West
 
 v.
 
 Sloan,
 
 3 Jones’ Eq. 102;
 
 Oldham
 
 v.
 
 Oldham,
 
 ante 89.
 

 We are of opinion, therefore, that the equitable right remaining in complainant after the settlement in 1845, was' barred by the lapse of
 
 three years
 
 in analogy to the bar to the action of account.
 

 Pee Oüeiam, Bill dismissed with costs.